[No. 2605. Decided May 28, 1897.]

THE STATE OF WASHINGTON *on the Relation of F. P. Brewer, Appellant*, v. N. J. CHÁPMAN, *Respondent*.

DISMISSAL OF APPEAL — SUFFICIENCY OF BOND.

The action of the lower court in permitting the second appeal bond filed in a case to be amended by the substitution of a new surety in place of one found to be insufficient upon the bond as filed, is contrary to Laws 1893, p. 125, § 11, providing that, in case a second appeal bond be found insufficient, no new bond can be given in lieu thereof.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Appeal dismissed.

*Metcalfe & Jurey*, and *Frank W. Clark*, for appellant.
*Cooley & Horan*, for respondent.

*Per Curiam.*—The respondent moves to dismiss the
appeal, on the ground that no sufficient bond was given
by the appellant within the time limited by law. It ap-
pears that the first appeal bond was filed on the 22d day
of March—the day the notice of appeal was served. Ex-
ceptions were thereafter taken to the sufficiency of the
sureties on this bond, and they were required to appear
and justify. They failed to appear at the time and place
specified, and counsel for appellant admitted their insuffi-
ciency. Thereafter, within five days from such time, a
second appeal bond was given by the appellant, and the
respondent excepted to the sufficiency of the sureties upon
such bond and notified them to attend on the 28th day
of April, and justify. Upon the hearing, the court found
the second bond insufficient in that the Ohio Investment
Company, a corporation appearing upon said bond as one
of the sureties, had no authority to become a surety, and
that the remaining sureties were insufficient. The relator
excepted to this ruling, but applied for an order permit-
ting an additional surety, whereupon the court entered an
order permitting the appellant to give another surety in
lieu of the Ohio Investment Company on said day, which
was done, the other sureties consenting, and to which order
the respondent excepted.

The statute (Laws 1893, p. 125, § 11), provides that,
in case a second appeal bond be found insufficient, no new
bond can be given in lieu thereof. The appellant con-
tends that the substitution of the surety upon the bond
previously filed was not the giving of a new bond, but
we are unable to agree with this contention. The bond
became another and different instrument by the substitu-
tion of a new surety, and the mere fact that such surety

was permitted to sign the bond previously filed does not alter the proposition, for the bond was invalid until executed by the new surety. There is nothing in the record to show that the Ohio Investment Company had any authority to sign the bond originally as a surety, and the finding of the court in that particular must be sustained. The action of the court in permitting it to be amended was in effect allowing the appellant to give a third bond, which the statute prohibits.

The motion to dismiss must be granted.